THE MAYOR, ETC., OF NEW YORK, Respondents, v. THE BROOK-
LYN FIRE INSURANCE COMPANY, Appellants.

INSURANCE; VERBAL REPRESENTATIONS IN MATTER OF.    EVIDENCE.
PLEADINGS.    ANSWER.

It is a well settled rule, that a verbal representation, in order to vitiate a
contract of insurance, must relate to some past or existing fact material
to the risk, and that a representation, in the nature of a promise or stip-
ulation, for future conduct on the part of the insured, must be inserted
in the policy, or the underwriters cannot avail themselves of it. (*Alston*
v. *Mechanics' Insurance Co.*, 4 Hill, 329, and cases there cited.)   Hence,

Where, in an action upon a policy of insurance, the defendant offered to
show, that, at the time of the application for insurance, the plaintiffs
represented that the premises insured were in their possession; were not
to be used for public exhibitions; that there was no fire on the premises;
and that a scientific and mechanical association that had possession of the
premises formerly, for the exhibition of machinery operated by steam
power, etc., were not to occupy the premises again (it having been proved,
that, subsequent to effecting the insurance, the premises were leased to
the said association, who erected therein steam and caloric engines and
boilers, and were operating the same when the building was destroyed
by fire); it was *held*, that the evidence was inadmissible, and properly
excluded.

The representations were not claimed to be fraudulent, and, in so far as
they were claimed to be false, they related to matters resting in intention
or expectation.

Besides, if the materiality of the evidence to the risk could be conceded,
the facts constituting an affirmative defense should have been set up in
the answer, that plaintiffs might have been prepared to meet them.

APPEAL from judgment of the General Term, first district,
affirming judgment for plaintiffs at the circuit.

*J. W. Edmonds*, for the appellants.

*T. H. Rodman*, for the respondents.*

DWIGHT, J.   This was an action on a fire policy, issued
by the defendant to the plaintiffs, June 23, 1858, insuring
the Crystal Palace building and its contents, which were
destroyed by fire in October, of the same year.   There

---

* The issue is so direct, clear and simple, that the arguments of counsel
are omitted.

is but one question in the case which was not disposed of in the case of the same plaintiffs against the Exchange Fire Insurance Company, decided by this court in September, 1867, and reported in 34th Howard's Practice Reports, at page 103, where judgment for the plaintiffs was affirmed. The remaining question in this case arises upon an offer by the defendant to prove certain representations made in behalf of the plaintiffs at the time of effecting the insurance. It already appeared in proof, that at the time of the fire the building was occupied by the American Institute, for the purposes of its annual exhibition, under a lease, executed on the 25th day of June, 1858; that the Institute had erected steam and caloric engines, with boilers and furnaces, in the building, and that the same were run with fires from the 15th of September to the 5th of October, when the building was destroyed. The defendant then offered to show, that, at the time of the application for the insurance, it was represented to the defendant, on the part of the plaintiffs, that the building was in the possession of the plaintiffs; that it was not to be any longer a place of public exhibition; that there was no fire on the premises, and that the American Institute was not to occupy it again. This evidence was objected to by the plaintiffs, the objection was sustained, and the defendant excepted.

The evidence offered was properly excluded. The representations were not claimed to be fraudulent, and, so far as they are claimed to have been false, they related to matters resting in intention or expectation. The offer was to prove representations made on or before the 23d day of June, and it is not claimed that, so far as they represented any then past or existing fact, they were not true. The lease to the American Institute was made on the 25th day of June, and the fires were put in after that time.

It is a well settled rule, that a verbal representation, to vitiate a contract of insurance, must relate to some past or existing fact material to the risk, and that a representation in the nature of a promise or stipulation for future conduct on the part of the insured, must be inserted in the policy, or

the underwriters cannot avail themselves of it. (*Alston* v. *Mechanics' Insurance Co.*, 4 Hill, 329, and the cases and authorities there cited and examined.)

The judgment should be affirmed.

WOODRUFF, J.   I do not discover that this case differs, in the principles involved in the question of liability for the loss according to the terms of the policy, from the case of *The Mayor* v. *The Exchange Fire Insurance Company*, and several other actions which have already been passed upon in this court, all of which were actions upon policies upon the same subject of insurance, viz., the Crystal Palace.

It is claimed, however, that there is one ground for discrimination, in this: that, on the trial of this action, the defendants offered to prove, that, when the present insurance was applied for, the person making the application represented orally to the defendants that the premises were now in the possession of the plaintiffs, and that the building was to be taken down, and that it was not to be any longer used as a place of public exhibition; that there was not a single fire upon the premises, and that the American Institute would not be allowed to occupy, and was not to occupy it again. The offer to prove these representations, or any of them, was rejected, and to the refusal to permit such proof the defendants excepted.

This court have decided in the several cases above referred to, that under the policy as in fact issued, the use of the building for the purposes of a public exhibition, as, at the time of the fire, it was in fact used, was not prohibited by the policy which was the written agreement of the parties, and the only proper evidence of their contract.   So long, therefore, as that contract stands in force as the true declaration of the actual contract, its interpretation, as already many times judicially declared, must be conclusive of the rights and liabilities thence arising or accruing.   To admit evidence of oral representations made in the course of the negotiations between the parties which led to the contract, for the purpose of altering its legal effect, would be in violation of a rule too familiar

and too long and firmly established to be at this day open to discussion.

And if the offer of this proof was to establish that the present policy was issued in reliance upon a representation, upon the truth of which (its materiality to the risk being conceded) the binding force or validity of the policy itself depended, then the proof was not admissible, because such facts, relied upon for that purpose, were matter of affirmative defense in avoidance of the policy, and no such facts and no such defense is set up, or even intimated in the answer of the defendant.

If the offer was made in order to lay the foundation of a claim that such representations constituted an independent or collateral warranty by the assured that the building should not be so used, it is liable to the double objection that, it having been decided that such a use was, by the true construction of the written contract, permitted, a parol warranty on the same subject, at the same time, and upon the same considerations, cannot be proved. The writing is held the conclusive evidence of the whole contract as to all matters embraced within its provisions; and next, if there were such a warranty its breach was matter of defense, and, not being alleged in the answer, it was not within the issues to be tried.

The plaintiffs were not bound to be prepared, and, presumptively, were not prepared to meet it. The evidence was, therefore, properly rejected, in this view of the offer.

If the offer was made for the purpose of showing that the policy was obtained by fraud, and was not, therefore, binding, then, as in the other case, the evidence was properly rejected, because not set up in any wise in the answer of the defendants, and they were not at liberty to prove it or insist upon it as a defense to the action.

For these reasons the judgment should be affirmed.

Judgment affirmed.